UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-61029-RUIZ/STRAUSS

**LATOYA RATLIEFF,**

    Plaintiff,

v.

**CITY OF FORT LAUDERDALE, FLORIDA,** *et al.*,

    Defendants.

_____/

## DISCOVERY ORDER

**THIS CAUSE** came before the Court for a discovery hearing on March 10, 2023, upon Plaintiff's *Ore Tenus* Motion to Compel better responses to Plaintiff's First Request for Admission and Plaintiff's First Request for Production ("the Motion"). The District Court has referred all discovery matters to me pursuant to 28 U.S.C. § 636. [DE 27]. For the reasons stated on the record at the hearing, it is **ORDERED** and **ADJUDGED** that:

1. The Motion is **GRANTED-IN-PART and DENIED-IN-PART** as set forth herein.

2. As to request for admission ("RFA") 1 and 2, the Motion is denied as moot.

3. As to request for production ("RFP") 3, 12, 15,[1] 23, 24, 26, 32, 33, 34, 36, 37, 45, the Motion is granted-in-part to the extent that Defendant, the City of Fort Lauderdale, shall produce any remaining documents responsive to the above RFPs

---

[1] As to RFP 15, Defendant must ascertain whether it can (or already has) produced all of the body word camera ("BWC") footage from Eliezer Ramos, who is also a Defendant in this case, that is responsive to the RFP. If Defendant cannot obtain (or has already produced) all of the responsive footage from Ramos's BWC, Defendant must provide the "audit report" (or substantially similar report) regarding Ramos's BWC footage, to the extent an audit report exists.

by **March 21, 2023**.[2]  For any responsive documents Defendant either does not produce or produces with redactions, Defendant must provide a privilege log specifying the nature of the information withheld or redacted and the basis for its assertion of privilege.  Furthermore, if Defendant determines that it does not have the information requested, it must make a certification consistent with Federal Rule of Civil Procedure 26(g).

4. As to RFP 17, the Motion is denied as moot.

**DONE** and **ORDERED** in Fort Lauderdale, Florida, this 10th day of March 2023.

Jared M. Strauss
United States Magistrate Judge

---

[2] Although Plaintiff has challenged Defendant's assertion of privilege in its responses to the RFPs, *see* [DE 80 at 4-15], the Court declines to decide the scope of any applicable privilege at this time. The Court may consider the applicability and scope of Defendant's claims of privilege following Defendant's production on March 21, 2023.  However, the parties must meet and confer regarding any disputes over redactions or claims of privilege before presenting those disputes to the Court. Any such meet and confer must address redactions or assertions of privilege regarding each specific document whose redaction or withholding is in dispute, keeping in mind the specific needs of case.